# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1866 | **DATE** | 10/21/2002 |
| **CASE TITLE** | United States ex rel. GREGORY MADEJ vs. James M. Schomig, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Respondent's Second Motion to Reconsider

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons in the attached memorandum, Respondent's Second Motion to Reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 2 2 2002 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 129 |
| | Copy to judge/magistrate judge. | | |
| jar/lc | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| United States ex rel. GREGORY MADEJ, A91848,　　Plaintiffs, | |
| v. | No. 98 C 1866 |
| JAMES M. SCHOMIG, Warden, Pontiac Correctional Center,　　Defendant. | The Hon. David H. Coar |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Respondent's Second Motion to Reconsider, timely filed on October 7, 2002. Respondent's Second Motion to Reconsider requests this Court to "disregard what was stated by the International Court of Justice in LeGrand [sic] Case (Germany v. U.S.), 2001 I.C.J. 104 (June 27, 2001)." For the reasons stated in this opinion, Respondent's Second Motion to Reconsider is denied.

## DISCUSSION

The United States, when ratifying the Vienna Convention, opted to also ratify the "Optional Protocol Concerning the Compulsory Settlement of Disputes." See 21 U.S.T. 325–29. This Optional Protocol submits "disputes arising out of the interpretation or application of the Convention" to "the compulsory jurisdiction of the International Court of Justice." Consequently, the interpretations of the Vienna Convention by the International Court of Justice (I.C.J.) are binding as to the terms of the treaty. To disregard one of the I.C.J.'s most significant decisions interpreting the Vienna Convention would be a decidedly imprudent course. In its original opinion, this Court relied on the most recent interpretation of the Vienna Convention in

1

its attempt to adjudicate the violation of the Vienna Convention in this case.

As this Court noted in its original opinion, prior to LaGrand the Supreme Court, like nearly every other American court, did not determine whether the Vienna Convention confers individual rights. See United States ex rel. Madej v. Schomig, No. 98-C-1866, 2002 WL 31133277, at *9 (N.D. Ill. Sept. 25, 2002). After LaGrand, however, no court can credibly hold that the Vienna Convention does not create individually enforceable rights. The International Court of Justice was quite clear on that point, announcing that "Article 36, paragraph 1, creates individual rights." LaGrand Case, 2001 I.C.J. 104, at ¶ 77. With a conclusive determination from the I.C.J., whose mandate is to interpret the Vienna Convention, that the Vienna Convention confers individual rights, this Court continued its efforts to determine how to proceed on a claimed violation of the Vienna Convention.

State procedural rulings that are both sufficiently independent from federal law and adequate to sustain the judgment ("procedural defaults") often preclude consideration of the merits of federal legal claims. The Supreme Court in Breard declared that Vienna Convention violations could be barred from merits consideration by procedural default. Breard v. Greene, 523 U.S. 371, 375–76 (1998) (per curiam). Since Breard, though, one of the major premises of the Supreme Court's holding has been undermined. As indicated in this Court's opinion of September 24, see United States ex rel. Madej v. Schomig, No. 98-C-1866, 2002 WL 31133277, at *10 (N.D. Ill. Sept. 25, 2002), the Supreme Court explicitly assumed, in Breard, that the procedural default rules "enable full effect to be given to the purposes for which the rights accorded under this Article are intended." Breard, 523 U.S. at 375 (quoting Vienna Convention, Art. 36 § 2). In the LaGrand case, the I.C.J. resolved a dispute about whether the operation of

2

certain procedural default rules in the United States violates the terms of the Vienna Convention. According to the I.C.J., procedural default rules that prevent courts from considering the effect of Vienna Convention violations on the defendants trial violate the terms of the Vienna Convention. LaGrand Case, 2001 I.C.J. 104, at ¶91. This interpretation of the Convention is binding upon the United States and this Court as a matter of federal law due to the ratification of the Optional Protocol.

Respondent alleges in its motion that this Court "[chose] to follow international law and ignore the United States Supreme Court." Perhaps Respondent should take a few minutes to review its understanding of what the "holding" of a case means. When faced with a contrary interpretation of the Vienna Convention from an international body whose mandate is to interpret the terms of the treaty, this Court looked further into the opinion of the Supreme Court in Breard v. Greene for guidance on how to adjudicate the Vienna Convention violation. In that opinion, the Court indicated that the petitioner must "make some showing that the violation had an effect on the trial." Breard, 523 U.S. at 377. In its treatment of the claim, this Court adhered to that holding of the Supreme Court.

As indicated in the opinion of September 24, it would have been difficult for the violation to have a material effect on petitioner's conviction in this case. See United States ex rel. Madej v. Schomig, No. 98-C-1866, 2002 WL 31133277, at *11. The Court reached that conclusion despite considerable involvement from the Polish consulate in this case. As Respondent is no doubt aware, Chicago has a significant and well-established Polish community. At the time of Petitioner's arrest, the Polish Consulate did supply legal services to Polish citizens in the Chicago area. Even with those services, the evidence against Petitioner was sufficient to render

3

their assistance immaterial at the guilt phase of the trial. What the Consulate almost certainly would have done is provided Petitioner with an attorney who would have assisted in obtaining constitutionally effective assistance at the sentencing hearing. With that assistance, there is a probability that the outcome of the sentencing hearing would have been different.

After undertaking a reasoned analysis of the Vienna Convention violations in this case (an analysis that is in accord with the recommendation of the United States Supreme Court), the Court reached a conclusion no different than its original opinion in this case: if Madej had received effective assistance of counsel (assuming, *arguendo*, that he would have received such from the Polish consulate had it been notified in accordance with the Vienna Convention), there is a reasonable probability that the outcome of his sentencing hearing would have been different.

Finally, this Court would like to reiterate that this case has never been primarily about the Vienna Convention; it is about a violation of Petitioner's Sixth Amendment right to effective assistance of counsel at the sentencing phase of his capital trial. As Respondent points out and this Court acknowledges, it is extremely doubtful at this point that a federal habeas court could premise relief on a Vienna Convention violation. See 28 U.S.C. § 2254(d) (limiting grounds of habeas corpus relief to violations of federal law "as determined by the Supreme Court of the United States."). It is for this reason, as much as any other, that this Court did not grant Petitioner relief on his Vienna Convention violation. This Court premised the grant of habeas corpus relief on the violation of Petitioner's Sixth Amendment rights. To be afforded an attorney who utterly fails to investigate or prepare for a capital sentencing hearing is equivalent to being afforded no attorney at all. The Constitution demands more. If the Respondent disagrees with the relief granted, it should present that disagreement to the Court of Appeals in the appropriate

manner.

## CONCLUSION

For the reasons stated in this opinion, Respondent's Second Motion to Reconsider is denied.

Enter:

_____
David H. Coar
United States District Judge

Dated: October 21, 2002